UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEREMIAH F. HERBERT,

                           Plaintiff,

-against-

CHARLES LYNCH; PHILLIP NIOSI;
SHEROLA; HAROLD L. SMITH; M. MOYER;
and DILPALMA,

                           Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/14/2022

22-CV-6303 (NSR)

ORDER OF SERVICE

NELSON S. ROMÁN, United States District Judge:

      Plaintiff, who is currently detained at the Sullivan County Jail, brings this *pro se* action under 42 U.S.C. § 1983, alleging claims of failure to protect, excessive force, and unconstitutional conditions of confinement against Defendants Sergeant Charles Lynch, Sergeant Philip Niosi (badge #203), Corporal Sherola (badge #201), Warden Harold L. Smith, Sergeant M. Moyer (badge #214), and Deputy Dilpalma (collectively, "Defendants"). By order dated July 27, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

**STANDARD OF REVIEW**

      The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## DISCUSSION

**A.    Service on Defendants**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendants Sergeant Charles Lynch, Sergeant Philip Niosi (badge #203), Corporal Sherola (badge #201), Warden Harold L. Smith, Sergeant M. Moyer (badge #214), and Deputy Dilpalma through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants.

If the complaint is not served within 90 days after the date the summonses are issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.     Local Civil Rule 33.2**

Local Civil Rule 33.2, which requires defendants in certain types of prisoner cases to respond to specific, court-ordered discovery requests, applies to this action. Those discovery requests are available on the Court's website under "Forms" and are titled ["Plaintiff's Local Civil Rule 33.2 Interrogatories and Requests for Production of Documents."](#) Within 120 days of the

---

and could not have served the summonses and complaint until the Court reviewed the complaint and ordered that summonses be issued The Court therefore extends the time to serve until 90 days after the date summonses are issued.

date of this order, Defendants must serve responses to these standard discovery requests. In their responses, Defendants must quote each request verbatim.[3]

## CONCLUSION

The Clerk of Court is instructed to issue summonses for Defendants Sergeant Charles Lynch, Sergeant Philip Niosi (badge #203), Corporal Sherola (badge #201), Warden Harold L. Smith, Sergeant M. Moyer (badge #214), and Deputy Dilpalma, complete the USM-285 forms with the addresses for these Defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

Local Civil Rule 33.2 applies to this action

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is respectfully directed to mail a copy of this Order to *pro se* Plaintiff at his address listed on ECF and to show service on the docket.

SO ORDERED.

Dated:   September 14, 2022
        White Plains, New York

                                                  NELSON S. ROMÁN
                                            United States District Judge

---

[3] If Plaintiff would like copies of these discovery requests before receiving the responses and does not have access to the website, Plaintiff may request them from the Pro Se Intake Unit.

**DEFENDANTS AND SERVICE ADDRESSES**

1. Sergeant Charles Lynch
   Sullivan County Jail
   58 Old Route 17
   Monticello, New York 12701

2. Sergeant Phillip Niosi, Shield 203
   Sullivan County Jail
   58 Old Route 17
   Monticello, New York 12701

3. Corporal Sherola, Shield 301
   Sullivan County Jail
   58 Old Route 17
   Monticello, New York 12701

4. Warden Harold L. Smith
   Sullivan County Jail
   58 Old Route 17
   Monticello, New York 12701

5. Sergeant M. Moyer, Shield 214
   Sullivan County Jail
   58 Old Route 17
   Monticello, New York 12701

6. Deputy Dilpalma
   Sullivan County Jail
   58 Old Route 17
   Monticello, New York 12701