USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/2/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jeremiah Herbert,

                Plaintiff,

- *against* -

Charles Lynch, et al.,

                Defendants.

22 Civ. 6303 (NSR)(PED)

ORDER

**PAUL E. DAVISON, U.S.M.J.:**

This matter comes before me pursuant to an Order of Reference dated February 6, 2023. (Dkt. 26.) By application dated March 28, 2023, plaintiff *pro se* seeks the appointment of *pro bono* counsel. (Dkt. 35.)

    Although plaintiffs in civil litigation have "no right to counsel," the Court may "in its discretion order that the Pro Se Office seek counsel for plaintiff, in which case plaintiff's matter will be placed on a list that is circulated to attorneys who are members of the Pro Bono Panel of the Court." Palacio v. City of New York, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007); see also 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir. 1994) ("There is no requirement that an indigent litigant be appointed *pro bono* counsel in civil matters . . . ."). Before exercising this discretion, the Court must "first determine" whether the plaintiff is indigent and "whether the [plaintiff]'s position seems likely to be of substance." Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986); see also Hendricks v. Coughlin, 114 F.3d 390, 392–93 (2d Cir. 1997). Because "[v]olunteer lawyer time is a precious commodity," "courts should not grant . . . applications [to request *pro bono* counsel] indiscriminately" but rather must reserve such requests for those litigants who truly need a lawyer's assistance. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170,

172–73 (2d Cir. 1989). Accordingly, before granting a litigant's request for appointment of counsel, the court must consider whether the litigant has met the "requirement of a threshold showing of merit." Hendricks, 114 F.3d at 394 (internal quotation marks omitted). If this "threshold requirement" is met, then the Court considers additional factors, including the plaintiff's "ability to investigate the crucial facts," the plaintiff's "ability to present [his] case," the "complexity of the legal issues" presented in the case, the plaintiff's inability to obtain counsel on his own, and "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." Hodge, 802 F.2d at 61–62.

Although the Court accepts, for purposes of this request, plaintiff's representation that he is indigent, because the instant case is at a preliminary stage, the Court cannot presently ascertain whether or not plaintiff's claims meet the threshold merit requirement. In addition, plaintiff *pro se* has to date proved capable of handling his case without counsel; he has engaged in discovery, and accordingly shown an ability to effectively prosecute his case. Plaintiff's motion is hereby **DENIED WITHOUT PREJUDICE**. The clerk is respectfully directed to terminate the motion (Dkt. 35).

Dated: May 2, 2023
White Plains, New York

SO ORDERED

_____
Paul E. Davison
United States Magistrate Judge