UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

Jeremiah F. Herbert,

                      Plaintiff,

       -against-

Charles Lynch, et al.,

                      Defendants.

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/11/2023

7:22-CV-6303 (VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

    Plaintiff is pro se, incarcerated, and proceeding in forma pauperis. By recent letter and motion, Plaintiff moves for appointment of pro bono counsel for purposes of settlement and trial, and further asks the Court to schedule a settlement conference. (ECF Nos. 45 (Mot.), 46 (Ltr.)). Plaintiff also refers to a motion to compel, but the disputed discovery issues are presently unclear to the Court. (ECF No. 46).

    A litigant in a civil action has "no right to counsel." *Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007). Instead, the Court may, in its discretion, appoint counsel to represent "any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986); *accord Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). However, before exercising such discretion, the Court must "first determine whether the [movant's] position seems likely to be of substance." *Hendricks*, 114 F.3d at 392. "Volunteer lawyer time is a precious commodity." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989) (per curiam). Therefore, "courts should not grant such applications [for appointment of pro bono counsel] indiscriminately." *Id.* Rather, the Court must reserve such

requests for those litigants who truly need a lawyer's assistance. *Id.* at 172–73. Accordingly, before the Court may grant a litigant's request for appointment of counsel, the Court must consider whether the litigant has met the "requirement of a 'threshold showing of merit.'" *Hendricks*, 114 F.3d at 394; *accord Cooper v. A. Sargenti Co.*, 877 F.2d 170, 174 (2d Cir. 1989) (per curiam) ("[A] threshold showing of some likelihood of merit, should be borne in mind by trial and appellate courts in deciding whether to appoint counsel."). If this "threshold requirement" is met, then the Court considers additional factors, including the litigant's "ability to investigate the crucial facts," the litigant's "ability to present the case," the "complexity of the legal issues" presented in the case, the litigant's inability to obtain counsel on his own, and "any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 61–62.

Because Plaintiff is proceeding in forma pauperis, the Court accepts, for purposes of this request, that Plaintiff is unable to afford counsel. However, at this early juncture, the Court cannot ascertain whether Plaintiff's claims meet the threshold requirement of likely merit. Additionally, it appears that Plaintiff has been able to handle his case without counsel. He has been engaging in discovery and has shown an ability to prosecute his case. Therefore, Plaintiff's motion for appointment of pro bono counsel is **DENIED** without prejudice.

Each party is directed to file a letter by no later than **July 18, 2023**, providing the Court with an update on the status of the case. Each party's letter should detail the progress of discovery in the prior month, the anticipated next steps in the upcoming month, and any pending discovery disputes (including Plaintiff's reference to a motion to compel discovery). Defendants' letter should also respond to Plaintiff's request for a settlement conference.

In light of the Court's request for a status update, Plaintiff's potential motion to compel

discovery and request for a settlement conference are **DEFERRED**.

The clerk of court is respectfully directed to terminate the motion for appointment of pro bono counsel.  (ECF No. 45).

    **SO ORDERED.**

DATED:    White Plains, New York
              July 11, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge