```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```

Jeremiah F. Herbert,

                                 Plaintiff,

              -against-

Charles Lynch, et al.,

                               Defendants.

```
----------------------------------------------------------------X
```

7:22-CV-6303 (VR)

**ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

      Pending before the Court is Plaintiff's "motion under Federal Rules of Civil Procedure (37) Application for Sanction under Rule-37 (A)(3); (B)(4); (1)(e) to be imposed upon all defendants." (ECF No. 66 (Mot.)). The Court is mindful of Plaintiff's pro se status and the Court's obligation to liberally construe Plaintiff's filings to "raise the strongest arguments that they suggest." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018). Therefore, the Court liberally construes Plaintiff's motion as seeking to impose spoliation sanctions upon Defendants, under Rule 37(e) of the Federal Rules of Civil Procedure, for failing to preserve a purported video of a "hallway" at the Sullivan County Jail, which Plaintiff asserts might contain relevant footage of the July 6, 2022, incident at issue in this case. (*See* ECF No. 66).

      The Court has received Defendants' letter dated September 12, 2023, which states that counsel asked "the Sullivan County Jail administration to identify whether a video of the hallway on July 6, 2022 was in [their] possession" and that counsel has determined that "no footage of any kind exists . . . because there was never a recording of Plaintiff walking in a hallway on July 6, 2022." (ECF No. 68 (Ltr.)).

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *Ottoson v. SMBC Leasing & Fin. Inc.*, 268 F. Supp. 3d 570, 579 (S.D.N.Y. 2017) (internal quotation marks omitted).  The "[C]ourt has wide discretion in determining whether spoliation sanctions are appropriate." *Ungar v. City of New York*, No. 21-1384, 2022 WL 10219749, at *3 (2d Cir. Oct. 18, 2022) (Summary Order) (citing *Fujitsu Ltd. v. FedEx*, 247 F.3d 423, 436 (2d Cir. 2001)).  Rule 37(e) provides as follows:

> If electronically stored information that should have been preserved in the anticipation or conduct of litigation is lost because a party failed to take reasonable steps to preserve it, and it cannot be restored or replaced through additional discovery, the court:
>
> (1) upon finding prejudice to another party from loss of the information, may order measures no greater than necessary to cure the prejudice; or
>
> (2) only upon finding that the party acted with the intent to deprive another party of the information's use in the litigation may:
>
>> (A) presume that the lost information was unfavorable to the party;
>>
>> (B) instruct the jury that it may or must presume the information was unfavorable to the party; or
>>
>> (C) dismiss the action or enter a default judgment.

Fed. R. Civ. P. 37(e).  Additionally, "there is the obvious requirement that the evidence must have existed." *Ottoson*, 268 F. Supp. 3d at 580 (internal quotation marks omitted).

The "party seeking spoliation sanctions has the burden of establishing the elements of a spoliation claim by a preponderance of the evidence." *Id.*; *see, e.g.*, *Castro v. Smith*, No. 16-cv-8147, 2023 WL 5371311, at *7–8 (S.D.N.Y. Aug. 22, 2023) (determining that a plaintiff had "met his burden of proving by a preponderance of the evidence that [a] video existed").

For the Court to evaluate the merits of Plaintiff's motion, the Court must determine (as an

initial matter) whether the purported July 6, 2022, "hallway" video from Sullivan County Jail ever existed and, if so, whether Defendants had a duty to preserve it in the anticipation or conduct of litigation.  *See* Fed. R. Civ. P. 37(e); Fed. R. Civ. P. 37 Notes of Advisory Committee on 2015 Amendments.  Although both parties make assertions about the existence (or lack thereof) of this video, neither party has submitted evidence substantiating their respective positions.

Plaintiff is therefore directed to submit a letter to the Court **by no later than October 3, 2023**, which attaches any evidence he possesses that establishes, by a preponderance of the evidence, that the purported video did in fact exist at a time when Defendants were under a duty to preserve it.  Defendants' response is due on **October 10, 2023**, and shall include evidentiary support for their assertion that the video never existed.  Plaintiff's reply, if any, is due on **October 17, 2023**.

**SO ORDERED.**

DATED:     White Plains, New York
           September 19, 2023

_____
VICTORIA REZNIK
United States Magistrate Judge