```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
```

Jeremiah F. Herbert,

                              Plaintiff,

      -against-

Charles Lynch, et al.,

                              Defendants.

```
----------------------------------------------------------------
```

22-cv-6303 (NSR) (VR)

**OPINION AND ORDER**

**VICTORIA REZNIK, United States Magistrate Judge:**

By two letters, the first of which was deemed filed on January 29, 2024,[1] Plaintiff, pro se and incarcerated, moves for the issuance of three subpoenas that seek to compel Deputy Torres, Nurse Daniel Whitmore, and Corporal Noble to submit to depositions. (ECF Nos. 99 at 1; 102 at 1). Discovery in this action closed on September 1, 2023.[2] (*See* ECF No. 49 (extending discovery until September 1, 2023)).

Plaintiff's letters do not expressly ask the Court to reopen discovery. (*See* ECF Nos. 99, 102). But given Plaintiff's pro se status, the Court must liberally construe Plaintiff's letter to "raise the strongest arguments that [it] suggest[s]." *Williams v. Annucci*, 895 F.3d 180, 187 (2d Cir. 2018). Thus, the Court liberally construes Plaintiff's letter as a motion to reopen discovery.

---

[1] Under the "prison mailbox rule," a pro se inmate's submission is deemed filed when it is deposited in the institution's internal mail system. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993), *modified on other grounds*, 25 F.3d 81 (2d Cir. 1994). Plaintiff's letter is dated "January 29, 2023" (ECF No. 99 at 1), but the envelope containing Plaintiff's letter is postmarked "29 JAN 2024" (*id.* at 3). Thus, Plaintiff's letter (which was likely intended to be dated January 29, 2024) was deemed filed on January 29, 2024.

[2] On August 31, 2023, one day before the close of discovery, Plaintiff filed the first of several letter motions, seeking to impose spoliation sanctions on Defendants, under Rule 37(e) of the Federal Rules of Civil Procedure. (*See* ECF No. 66). Because Plaintiff filed his Rule 37(e) motion before the close of discovery, Plaintiff's Rule 37(e) motion was timely filed. *See Herbert v. Lynch*, No. 22-cv-6303, 2024 WL 20942, at *2, 2 n.5 (S.D.N.Y. Jan. 2, 2024). On January 2, 2024, the Court denied Plaintiff's Rule 37(e) motion. *Id.* at *8.

1

Defendants oppose Plaintiff's request, arguing that Plaintiff had an adequate opportunity to make his discovery requests before discovery ended on September 1, 2023, and that Plaintiff has not provided a reason why he failed to do so earlier. (ECF No. 105 at 1). Defendants also argue that it is unlikely that Plaintiff will gain relevant information from his requests. (*Id.* at 1–2).

"In deciding whether to reopen discovery, courts consider whether good cause exists." *Bakalar v. Vavra*, 851 F. Supp. 2d 489, 493 (S.D.N.Y. 2011); *see Gray v. Town of Darien*, 927 F.2d 69, 74 (2d Cir. 1991) ("[I]n light of plaintiffs' . . . failure to show good cause for a reopening or extension of [the discovery] order, we cannot say that the district court abused its discretion in cutting off discovery and in later denying plaintiffs' motion to reopen it."); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). "A significant consideration is whether there has already been adequate opportunity for discovery." *Bakalar*, 851 F. Supp. 2d at 493; *see Trebor Sportswear Co. v. Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989). Indeed, parties seeking to reopen discovery typically must show why the Court's deadlines could not reasonably have been met despite their diligence. *See 136 Field Point Circle Holding Co. v. Razinski*, No. 21-cv-11076, 2024 WL 182131, at *2 (S.D.N.Y. Jan. 17, 2024).[3] Courts also consider additional factors, such as:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*Bakalar*, 851 F. Supp. 2d at 493.

---

[3] *See also Humphreys v. N.Y.C. Health & Hosp. Corp.*, No. 16-cv-9707, 2023 WL 155446, at *3 (S.D.N.Y. Jan. 11, 2023); *Gao v. Savour Sichuan Inc.*, No. 19-cv-2515, 2021 WL 4892864, at *1–2 (S.D.N.Y. Oct. 20, 2021).

Here, Plaintiff has made no showing of good cause to reopen discovery. *See Tatintsian v. Vorotyntsev*, No. 16-cv-7203, 2021 WL 780139, at *5 (S.D.N.Y. Jan. 27, 2021) (denying pro se party's motion to compel filed six weeks after close of discovery because he had "failed to demonstrate the good cause necessary to modify the [Case Management Plan] to re-open discovery"). Under the parties' Civil Case Discovery Plan and Scheduling Order, all discovery was to be completed by August 1, 2023. (ECF No. 27 at 2). On July 12, 2023, the Court extended that deadline to September 1, 2023. (ECF No. 49). Thus, Plaintiff had nearly seven months—from February 6, 2023, to September 1, 2023—to conduct discovery. *Cf. Jackson v. Fed. Express*, 766 F.3d 189, 199–200 (2d Cir. 2014) (affirming denial to reopen discovery where pro se party "had seven months to conduct discovery" and "scheduled time for discovery was over"); *Tripathy v. Lockwood*, No. 19-cv-6614, 2021 WL 5311029, at *3 (W.D.N.Y. Sept. 29, 2021) (collecting cases). And since the Court extended the discovery deadline, Plaintiff has not sought to extend it further. In fact, during the most recent conference with the Court on August 16, 2023, the only outstanding discovery raised by the parties was the production of a purported hallway video by the Defendant and production of Plaintiff's deposition transcript. (ECF 08/16/2023 Minute Entry). Plaintiff made no mention of any other outstanding discovery, including the depositions he now seeks. (*Id.*). Plaintiff also provides no explanation for why any of his requested discovery was not pursued earlier.[4] *Cf. Tatintsian*, 2021 WL 780139, at *5–6 (finding pro se defendants "were not diligent" when they "sat on the discovery dispute until six weeks after the close of fact discovery" before seeking to reopen discovery).

---

[4] It is unclear from Plaintiff's letter whether he knew, while discovery was ongoing, whether he needed the information he now seeks, or whether reopening discovery would likely lead to relevant evidence.

Absent good cause shown by the Plaintiff, reopening discovery at this late date would unduly delay this case and prejudice Defendants. Although no trial date has yet been set, the Court has already set a briefing schedule for summary judgment, with Defendants' motion due on March 27, 2024, Plaintiff's opposition due on April 26, 2024, and Defendants' reply due on May 17, 2024. (ECF No. 96). In fact, this Court already delayed summary judgment briefing by several months to address Plaintiff's letter motions for spoliation sanctions, which were recently denied. (*See* ECF Nos. 64, 75, 77, 93). Thus, delaying summary judgment briefing yet again to accommodate reopening of discovery would prejudice Defendants. *Cf. Jeannite v. City of N.Y. Dep't of Bldgs.*, No. 09-cv-3464, 2010 WL 2542050, at *2 (S.D.N.Y. June 21, 2010) ("Although the assigned district judge has not set a trial date, for this action, the defendant has requested a pre-motion conference, seeking leave to move for summary judgment. Under these circumstances, the defendant would be prejudiced by the delay necessitated by reopening discovery.").

Thus, Plaintiff's construed motion to reopen discovery is **DENIED**.

\*\*\*

Separately, Plaintiff has also submitted a letter requesting that the Court schedule a Settlement Conference. (ECF No. 101). But in response, Defendants have made it clear that they "do not intend on engaging in settlement discussions." (ECF No. 105 at 2).

Although the Court can require Defendants to appear at a Settlement Conference, the Court cannot force Defendants to make a settlement offer or settle the case. *See Yuan v. Hair Lounge Inc.*, No. 18-cv-11905, 2023 WL 6807310, at *6 (S.D.N.Y. Oct. 13, 2023) ("Although a court cannot force litigants to settle an action, it is well established that a court can require parties to appear for a settlement conference . . . ."). And because Defendants do not appear

4

ready to engage in settlement discussions, the Court declines to schedule a Settlement Conference at this time. But the Court *will* schedule pre-settlement calls with each party to determine whether a future settlement conference may be fruitful.

The Clerk of Court is directed to terminate any pending motions at ECF Nos. 99, 101, 102.

**SO ORDERED.**

DATED:   White Plains, New York
         February 14, 2024

_____
VICTORIA REZNIK
United States Magistrate Judge